UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELIE D. JACKSON )<br>1701 PEACHTREE LANE )<br>BOWIE, MD 20721 )<br>              )<br>        Plaintiff, )<br>              ) Case No.:<br>   v.         )<br>              )<br>JOHN W. SNOW, SECRETARY )<br>U.S. DEPARTMENT OF THE ) Jury Trial Demand<br>TREASURY )<br>1500 PENNSYLVANIA AVENUE, NW )<br>WASHINGTON, D.C. 20220 )<br>              )<br>        Defendant. )<br>_____) | |

## Complaint

Comes now Plaintiff, Angelie D. Jackson, by and through counsel, and files this complaint against Defendant John W. Snow, Secretary, U.S. Department of the Treasury.

## Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S. C. Section 2000e et seq. (Title VII).

2. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Jackson's claims occurred in this judicial district and Defendant may be found in this judicial district.

## Parties

3. Plaintiff Angelie D. Jackson (hereafter "Plaintiff" or "Ms. Jackson"), an African American female, was formerly employed as a GS-1102-14 Procurement Analyst, with the Office of the Procurement Executive for the U.S. Department of the Treasury.

1

4. Defendant John W. Snow (hereafter "Defendant") is the Secretary for the U.S. Department of the Treasury.

## Facts

5. Ms. Jackson began employment with the U.S. Department of Treasury Office of Procurement, as a Procurement Analyst, in May 1990. Ms. Jackson performed her job at an exemplary level at all times. Ms. Jackson applied for several promotions and the human resources department determined that she was qualified for each position for which she submitted an application.

6. In June 1999, Ms. Jackson applied for a Supervisory Procurement Analyst position, GS-1102-15, within the Office of the Procurement Executive. Ms. Jackson possessed the necessary requirements through experience gained from her duties as Procurement Analyst, GS-1102-14, to appear on the referral list distributed by the Human Resources Department. Despite Ms. Jackson's experience, the selecting official, Corey Rindner, a Caucasian male, declined to interview Ms. Jackson and selected a Caucasian female.

7. In July 2000, Ms. Jackson applied for another Supervisory Procurement Analyst position, GS-1102-15. Rindner declined to interview her after she was referred by the Human Resources department.

8. On July 19, 2002, Ms. Jackson learned of vacancy announcement number 2000-199AB, for a Supervisory Procurement Analyst position. Ms. Jackson was well qualified for the position, based on her educational background and relevant departmental experience. Although Ms. Jackson was not hired as a supervisor, she gained supervisory experience as a team leader by developing various projects, chairing meetings and

providing training to subordinate employees while working at the GS-14 level. Ms. Jackson's supervisor told her that the position was wide open and that she should apply. Rindner selected a less qualified, less experienced Caucasian female candidate, who had worked in the office less than one year.

9. Following the selection, Ms. Jackson inquired about the reasons why someone with less experience was selected for VA 2000-199AB. Rindner responded that Ms. Jackson did not possess the educational background and experience of the selectee. Ms. Jackson learned that Rindner did not rate, rank or evaluate the applicants. Ms. Jackson holds a Master's Certificate in Project Management from the George Washington University. Rinder suggested that Ms. Jackson increase her chance of receiving a promotion by taking on outside assignments. None of the selectees chosen by Rindner for the GS-1102-15 positions were asked to complete additional assignments for promotions.

10. Ms. Jackson is aware of Rindner's discriminatory prior hiring practices. In the four vacancy announcements for Supervisory Procurement Analyst, GS-1102-15, Rindner filled the positions with Caucasian females. Despite her qualifications and referrals, Rindner has continually interfered with her competition for positions by denying her interviews and denying her positions. Rindner's prior hiring practices support Ms. Jackson's claim that she has been denied promotions based on her race. Plaintiff has exhausted all administrative remedies.

## Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. Section 2000e-2(a)

3

Plaintiff incorporates by reference paragraphs one through ten as if fully stated herein.

11. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated in nature and extent so as to reasonably preclude the performance of the employment; or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, age, or national origin.

12. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

13. At all pertinent times, Ms. Jackson was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

14. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally engaged in unlawful discrimination, including but not limited to denying Ms. Jackson an interview and ultimately denying Ms. Jackson's promotion to a Supervisory Procurement Analyst position, 2000-199AB, despite her superior qualifications and experience. Defendant engaged in acts of discrimination against Ms. Jackson based on her race as detailed above.

Wherefore, Ms. Jackson prays as follows:

A. That the court enter judgment in favor of Ms. Jackson and against Defendant, and enjoin the Defendant from further acts of discrimination;

B. That the court find that Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

C. Placement of Ms. Jackson in the position she was denied and grant Ms. Jackson compensatory damages, including back pay and front pay and benefits against Defendant;

D. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E. That the Court award Ms. Jackson such other relief as to which she may be deemed entitled.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805

**JURY TRIAL DEMAND**