UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELIE D. JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 05-1266 (CKK) |
| | ) |
| JOHN W. SNOW, Secretary, | ) |
| United States Department of Treasury, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, John W. Snow, Secretary, Department of Treasury ("Treasury"), moves to dismiss the claims brought by Plaintiff, Angelie D. Jackson, who brings this action for employment discrimination on the basis of race, pursuant to Title VII of the Civil Rights Act of 1964. Defendant submits that plaintiff missed the ninety-day statute of limitations for filing this case by one day and there do not appear to be any grounds for equitable tolling of the deadline. Furthermore, all but one of the alleged discriminatory acts should also be dismissed for failure to exhaust administrative remedies because she failed to seek EEO counseling for these claims until she eventually sought such counseling for the most recent action.

## BACKGROUND

At all relevant times, plaintiff was employed as a Procurement Analyst, GS-14, at the Treasury Department's Office of the Procurement Executive ("OPE"). In July 2002, the agency posted a vacancy announcement for a Supervisory Procurement Analyst, GS-15. See Compl. ¶ 8. The agency selected someone else and announced its decision in a office-wide email sent August

9, 2002, and read by plaintiff on August 13, 2002.  Plaintiff contacted an EEO counselor to complain about her nonselection on September 18, 2002.

Thereafter, the agency investigated plaintiff's complaint and she elected to have the matter heard by an administrative judge at the EEOC.  The administrative judge eventually granted the agency's motion for summary judgment and, on March 18, 2005, the agency issued its final agency decision adopting the conclusions of the EEOC's administrative judge.  Plaintiff's representative received the final agency decision on March 24, 2005.  Plaintiff filed this lawsuit on Thursday, June 23, 2005, ninety one days after her representative received notice of the agency's final agency decision.

Plaintiff's complaint in this lawsuit seems to make two additional claims for nonselections as well, both for Supervisory Procurement Analyst, GS-15.  For the first, plaintiff applied in June 1999 and for the other she applied in July 2000.  See Compl. ¶¶ 6, 7.  Plaintiff did not seek EEO counseling for these nonselections prior to September 18, 2002, the date she initiated counseling for the 2002 nonselection.  See Ex. 1 at 2 (plaintiff's EEO affidavit dated Feb. 26, 2003).  The agency did not accept these claims for investigation.  See Ex. 2 at 2 (EEO Investigative Report ).

## STANDARDS OF REVIEW

### I.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires plaintiffs to establish by a preponderance of the evidence that the court has jurisdiction to entertain their claims.  See Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (holding that, while the plaintiff has the burden of establishing the court's jurisdiction, the court has an

"affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.") (citation omitted); <u>Pitney Bowes, Inc. v. United States Postal Serv.</u>, 27 F. Supp. 2d 15, 18 (D.D.C. 1998) (citations omitted). While the court must accept as true all the factual allegations contained in the complaint when reviewing such a motion, <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993) (citation omitted), the "plaintiffs' factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." <u>Grand Lodge of the Fraternal Order of Police</u>, 185 F. Supp. 2d at 13-14 (quotation omitted). Finally, in deciding a 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction. <u>Herbert v. Nat'l Acad. of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992) (citations omitted); <u>Haase v. Sessions</u>, 835 F.2d 902, 906 (D.C. Cir. 1987); <u>Johnson v. Quander</u>, No. 04-448 (RBW), 2005 U.S. Dist. LEXIS 5020, at *8-9, 2005 WL 670759 (D.D.C. Mar. 21, 2005) (citations omitted); <u>Carroll v. England</u>, 321 F. Supp. 2d 58, 64 (D.D.C. 2004); <u>Grand Lodge of the Fraternal Order of Police</u>, 185 F. Supp. 2d at 14 (citations omitted).

## II.    Rule 12(b)(6)

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint and, therefore, in deciding a motion to dismiss under Rule 12(b)(6), the Court must presume that the factual allegations in the complaint are true and liberally construe those factual allegations in favor of the plaintiff. <u>See, e.g.</u>, <u>Shear v. NRA</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). In addition, the court may consider certain additional evidence in deciding the motion. <u>See Arizmendi v. Lawson</u>, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to

3

dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion."). Legal conclusions, assertions, or arguments in the complaint are not to be presumed true, liberally construed, or otherwise deferred to by the court. See In re Delorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

## ARGUMENT

Plaintiff filed her case ninety one days after her representative received notice of the final agency action. This is one day too late and the statute and case law make plain that her case should be dismissed as untimely. In addition, the 1999 and 2000 nonselections should also be dismissed for failure to exhaust her administrative remedies because plaintiff did not contact the agency's EEO office within the required forty five days; instead she waited three years for one and two years for the other. These claims should therefore be dismissed for this reason as well.

## I.      Plaintiff's Case Should be Dismissed for Failure to File within Ninety Days.

Plaintiff's Complaint should be dismissed because she filed it one day too late. The deadline for filing her complaint in federal court is set by statute at ninety days after plaintiff or her representative receives the final adverse decision from the agency:

> within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, may file a civil action as provided in section 2000e-5 of this title[.]

42 U.S.C. § 2000e-16(c). Although this deadline is not jurisdictional, compliance with the

deadlines in Title VII is a necessary predicate to a suit and the Supreme Court has made plain

that missing the deadline by one day generally merits dismissal. See Irwin v. Department of

Veterans Affairs, 498 U.S. 89 (1990); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147,

150 (1984).

Equitable tolling of the 90-day time limit is permissible only in narrow circumstances. In

Irwin, the Supreme Court explained that: "federal courts have typically extended equitable relief

only sparingly. . . . We have generally been much less forgiving in receiving late filings where

the claimant failed to exercise due diligence in preserving [her] legal rights." Id. at 96. See also

Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (equitable tolling is

"exercised only in extraordinary and carefully circumscribed instances."); Mondy v. Secretary of

the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Cf. Bowden v. United States, 106 F.3d 433,

438 (D.C. Cir. 1997) (permitting equitable tolling).

This Court has routinely applied the ninety-day requirement to bar late-filed employment

discrimination claims, absent compelling reasons for equitable tolling, even where the deadline

was missed by a day or a few days. See, e.g., Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997)

(dismissing as untimely pro se Title VII complaint filed on the 91st day); see also Tyler v.

Henderson, No. 00-60 (RWR), 2001 WL 194930 (D.D.C. Feb. 22, 2001) (dismissing as untimely

Title VII claims filed on 94th day), aff'd, No. 01-5085, 2001 WL 1297501 (D.C. Cir. Sep. 12,

2001). The Court of Appeals routinely affirms such dismissals. See, e.g., Tyler; Smith-Haynie

(affirming summary judgment where Title VII action was filed on the 92nd day). Finally, it bears

noting that the Supreme Court has also instructed:

> Procedural requirements established by Congress for gaining access to the federal courts
> are not to be disregarded by courts out of a vague sympathy for particular litigants. As we
> stated in <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 826 (1980), '[i]n the long run,
> experience teaches that strict adherence to the procedural requirements specified by the
> legislature is the best guarantee of evenhanded administration of the law.'"

<u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984). Plaintiff missed the ninety-

day deadline for filing her lawsuit. None of the factors supporting equitable tolling are apparent.

Therefore, Plaintiff's case should be dismissed as untimely.

## II.    All of Plaintiff's Allegations Other than the 2002 Non-Selection are Barred by Plaintiff's Failure to Exhaust Administrative Remedies.

Federal employees complaining of race, age, and other forms of discrimination by a

governmental agency must consult with an EEO counselor prior to filing a complaint, and "must

initiate contact with a Counselor within 45 days of the date of the matter alleged to be

discriminatory[.]" 29 C.F.R. § 1614.105(a)(1). <u>See</u> <u>West v. Gibson</u>, 527 U.S. 212, 219 (1999)

(citing 29 C.F.R. § 1614.105(a)); <u>Stewart v. Ashcroft</u>, 352 F.3d 422, 425-26 (D.C. Cir. 2003)

(quoting 29 C.F.R. § 1614.105(a)(1) and finding that timely exhaustion of administrative

remedies is a prerequisite to a Title VII action against the federal government); <u>Wiggens v.</u>

<u>Powell</u>, No. 02-1774 (CKK) , 2005 WL 555417, *14 (D.D.C. Mar. 7, 2005); <u>James v. England</u>,

332 F. Supp. 2d 239, 243-44 (D.D.C. 2004) (citation omitted). <u>See generally</u> <u>Brown v. General</u>

<u>Services Administration</u>, 425 U.S. 820, 832-33 (1976). Failure to exhaust administrative

remedies (or failure to do so in a timely manner) is an affirmative defense, and the burden is on

the defendant to prove that a plaintiff failed to properly exhaust. <u>Velikonja v. Mueller</u>, 315 F.

Supp. 2d 66, 72 (D.D.C. 2004) (citations omitted).

The requirement that aggrieved employees must first seek relief from the very agency that

has allegedly discriminated "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) (reversing judgment for plaintiff based on plaintiff's failure to exhaust administrative remedies). The exhaustion requirement is not a technicality but rather "is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining non-discrimination in employment." Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983) (citations omitted); see also Brown, 425 U.S. at 832-33. Thus the exhaustion both "give[s] federal agencies an opportunity to handle matters internally whenever possible" and "ensure[s] that the federal courts are burdened only when reasonably necessary." Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985).

The complaint in this lawsuit is styled to present only "Count I." Both that count and the prayer for relief are somewhat vague on which nonselection(s) plaintiff means to allege as the basis for relief. If the Court were to read the complaint as presenting three separate claims for three described nonselections, then the 1999 and 2000 nonselections should be dismissed for plaintiff's failure to bring those claims to the agency's EEO counselor within forty five days of those nonselections. Indeed, she waited until 2002 to initiate counseling on these nonselections. She explained in her administrative affidavit that did not complain earlier because she hoped the situation would improve and she expected (correctly) that other opportunities would arise. See Ex. 1 at 2. She made no claim that would justify waiving or extending the forty-five day deadline with respect to the 1999 and 2000 vacancies.

Plaintiff may well argue that her untimely claims should be saved by the "continuing

7

violation doctrine" but that argument would be directly rebutted by the Supreme Court's decision in <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002). The Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." <u>Morgan</u>, 536 U.S. at 113. Examples of discrete acts are "termination, failure to promote, denial of transfer, or refusal to hire." <u>Id.</u> at 114. The <u>Morgan</u> rule is fully applicable to the required 45-day period for initiating contact with an EEO counselor in 29 C.F.R. § 1614.105(a)(1). <u>Pleasants v. Allbaugh</u>, No. 00-3094, 2002 U.S. Dist. LEXIS 21777, at *4-5 (D.D.C. Nov. 12, 2002) (plaintiff's failure to contact EEO counselor within 45 days renders claim untimely and requires its dismissal); <u>Jarmon v. Powell</u>, 208 F. Supp. 2d 21, 29 (D.D.C. 2002). Therefore, even if plaintiff had filed her case in a timely manner, her claims based on the 1999 and 2000 nonselections should still be dismissed for failure to exhaust her administrative remedies.

**CONCLUSION**

Defendant respectfully requests that the Court dismiss the complaint with prejudice for failure to comply with the statute of limitations.

August 29, 2005                              Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ──────────────────────── )<br>ANGELIE D. JACKSON                    )<br>                                                     )<br>       Plaintiff,                        )<br>                                                     )<br>       v.                                 )<br>                                                     )<br>JOHN W. SNOW, Secretary,            )<br>United States Department of Treasury,  )<br>                                                     )<br>       Defendant.                      )<br>──────────────────────── ) | Civil Action No.: 05-1266 (CKK) |

**DEFENDANT'S MOTION TO DISMISS**

       Defendant, John W. Snow, Secretary, Department of Treasury ("Treasury"), moves to dismiss this case brought by Plaintiff, Angelie D. Jackson.  Plaintiff brings this action for employment discrimination on the basis of race, pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff failed to comply with the ninety-day statute of limitations in Title VII, missing the deadline by one day.  In addition, although her complaint is not clear in specifying whether she intends to challenge one or three nonselections, if it is three, then any claims based on the two earlier nonselections should be dismissed for failure to exhaust administrative remedies because plaintiff waited years to initiate EEO counseling on these claims and thus failed to comply with the forty five day deadline for initiating the administrative process.  A proposed order and memorandum of points and authorities are attached.

August 29, 2005                                Respectfully submitted,

                                        ────────────────────────
                                        KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                        United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov