UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELIE D. JACKSON,<br><br>   Plaintiff,<br><br>  v.<br><br>JOHN W. SNOW, Secretary,<br>United States Department of Treasury,<br><br>   Defendant. | Civil Action No.: 05-1266 (CKK) |

## ANSWER

  The Defendant Secretary of the United States Department of the Treasury hereby answers the complaint of the plaintiff.

### First Defense

  The complaint is untimely. The complaint was filed on June 23, 2005, ninety one days after the date that Ms. Jackson's attorney received notice of the final agency order on March 24, 2005. Title VII requires that a civil action be filed "[w]ithin 90 days of receipt of the notice of the final action taken by a department. . . ." 42 U.S.C. § 2000e-16(c). Accordingly, Plaintiff's complaint is one day late and should be dismissed on that basis.

### Second Defense

  Although it is not clear that the Complaint intends to raise more than one claim of adverse personnel action, if in fact it does, then all claims other than the 2002 nonselection claim should be dismissed for failure to exhaust administrative remedies. Plaintiff failed to contact the agency's EEO counselor within forty five days of the other nonselections, and these claims were neither accepted nor investigated by the agency. Accordingly, these claims should be dismissed pursuant to 29 C.F.R. § 1614.105(a)(1).

### Third Defense

  The agency has a legitimate non-discriminatory reason for not selecting the plaintiff. Although plaintiff was qualified, the selectee was better qualified because, *inter alia*, she had

more extensive and relevant experience and education.

### Fourth Defense

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1. The sentence is a statement of law to which no answer is required. The court has jurisdiction over this complaint, if at all, pursuant to section 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-16(c)(2005).

2. Admit.

3. Admit.

4. Admit.

5. Deny that Ms. Jackson "performed her job at an exemplary level at all times." Ms. Jackson's job performance was evaluated appropriately by her supervisors.

6. Deny. Ms. Jackson appeared on a list of eligible candidates for a vacancy in the Office of the Procurement Executive, Departmental Offices, Department of the Treasury in June 1999.

7. Deny.

8. As to sentence 1, the agency lacks sufficient information to provide a response as to the truth or falsity of Ms. Jackson's statement regarding when she learned of vacancy announcement 2000-199AB. As to sentence 2, the agency admits that Ms. Jackson was one of several candidates who were rated as qualified by the agency's personnel office, as documented in the investigative file. As to sentence 3, the agency lacks sufficient information to provide a response to the truth or falsity of the statements due to the vague descriptions therein. As to sentence 4, the agency lacks sufficient information to respond as to the truth or falsity of Ms. Jackson's description of what an unnamed person might have said to her. As to sentence 5, denied.

9. Deny. The selecting official's rationale for his decision, and supporting documentation, are contained in the investigative file.

10. Deny. To the extent that the paragraph contains allegations of fact, the allegations are denied. To the extent that the paragraph contains conclusions of law, no answer is required.

11. The statement of law does not require an answer. The court is respectfully referred to the statute itself and controlling case law for an accurate statement of the law.

12. The paragraph consists of a conclusion of law to which no answer is required.

13. The paragraph consists of a conclusion of law to which no answer is required.

14. Denied. The paragraph consists of conclusions of law, the plaintiff's description of her allegations, and the plaintiff's claim for relief to which no answer is required.

Defendant specifically denies each and every allegation and disputes every statement of fact that is not otherwise expressly admitted below. Defendant further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

August 29, 2005                                                  Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov