UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELIE D. JACKSON  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JOHN W. SNOW, Secretary,  )<br>United States Department of Treasury  )<br>)<br>Defendant.  )<br>) | Civil Action No.: 05-1266 (CKK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff Angelie D. Jackson, by and through counsel, and files this opposition to Defendant's motion to dismiss, and in support thereof, states as follows.

Defendant has filed a motion to dismiss. In the motion, Defendant claims that the complaint should be dismissed because the complaint was filed ninety-one days after her representative received notice of the agency's final decision. Defendant also claims that all of Plaintiff's allegations other than the 2002 non-selection are barred by Plaintiff's failure to exhaust administrative remedies.

Defendant's motion should be denied. Plaintiff filed the complaint within 90 days of when she received notice of her right for file a suit in court. Defendant claims that Plaintiff's representative received notice advising of the right to file suit in federal court on March 24, 2005, and Plaintiff did not file suit until June 23, 2005. Defendant has not presented any evidence that Plaintiff's representative received notice on March 24, 2005, other than the representations of counsel. This is a material fact in Defendant's argument and it is not enough to rely on the representations of Defendant's counsel. Defendant

must present a postal receipt or some other permissible evidence which demonstrates that Plaintiff's former counsel received notice on March 24, 2005. In the absence of this type of evidence, the motion should be denied.

In addition to the fact that Defendant has not presented any evidence that the Plaintiff's representative received the final decision on March 24, 2004, Defendant must present evidence that Plaintiff received notice. Defendant cites to various cases where the Plaintiff did not file a complaint within 90 days of the Plaintiff receiving notice of her right to file suit. Those cases are not this case because they involved instances where notices were sent directly to the Plaintiff and she did not file suit within 90 days. See Smith-Haynie v. District of Columbia, 155 F.3d 575,580 (D.C. Cir. 1988) (notice directly to the Plaintiff). Here, Defendant does not argue that Plaintiff did not file suit within 90 days of when she received notice, but rather claims that Plaintiff did not file a complaint within 90 days of Plaintiff's representative receiving notice of Plaintiff's right to file suit. The Court of Appeals has adopted a different standard when this is the issue.

In Bell v. Brown, 557 F.2d 849 (D.C. Cir. 1977), the Court of Appeals held that federal employees are entitled to actual notice of agencies decisions for purposes of the deadline for filing suit under 42 U.S.C. Sec. 2000e-16(c). Defendant acknowledges that Plaintiff's complaint is filed under 42 U.S.C. Sec. 2000e. There is no evidence that Plaintiff received actual notice, or that notice was served on her former attorney more than ninety days before the complaint was filed.

Conclusion

For the reasons stated above, the motion should be denied.

Respectfully submitted,

By: _____/s/_____
David A. Branch
Law Offices of David A. Branch, P.C.
1825 Connecticut Ave, NW
Suite 690
Washington, D.C. 20009
(202) 785-2805

**Certificate of Service**

I hereby certify this 26th day of October 2005, that a copy of the foregoing Opposition to Defendant's Motion to Dismiss was sent electronically to counsel for Defendant listed below:

Alan Burch
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20530

_____/s/_____
David A. Branch