UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELIE D. JACKSON            )<br>                                             )<br>         Plaintiff,              )<br>                                             )<br>    v.                                   )<br>                                             )<br> JOHN W. SNOW, Secretary, )<br> United States Department of Treasury, )<br>                                             )<br>         Defendant.           )<br>                                             ) | Civil Action No.: 05-1266 (CKK) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS**

Defendant, John W. Snow, Secretary, Department of Treasury ("Treasury"), files this reply memorandum to address plaintiff's arguments in her opposition to the motion to dismiss. In the motion to dismiss, defendant argued that the entire case should be dismissed because plaintiff filed her complaint one day after the 90-day statute of limitation applicable to Title VII claims and, further, that all but one of her claims should be dismissed for failure to exhaust administrative remedies.

Plaintiff's opposition did not address the exhaustion argument at all, and so this point should be taken as conceded. Therefore, all claims except the 2002 non-selection for the Supervisory Procurement Analyst (GS-15) should be dismissed for failure to exhaust administrative remedies.

Plaintiff's opposition does address the 90-day statute of limitations defense by making two arguments. First, she argues that defendant did not produce actual evidence of the date of receipt, but relied instead on undersigned counsel's representations about the date of receipt.

Undersigned counsel regrets the oversight, which was inadvertent, and attaches to this reply a copy of the final agency decision, dated March 18, 2005; the accompanying certificate of service indicating that it was served by certified mail upon plaintiff's representative, H.L. Taylor; and the return receipt signed by H.L. Taylor and dated March 24, 2005.  <u>See</u> Ex. 1.  This shows that plaintiff's representative received the final agency decision on March 24, 2005, as argued by defendant in the motion to dismiss.  It bears noting that plaintiff does not dispute that her representative actually did receive the final agency decision, or even that her representative received it on March 24, 2005.  The argument plaintiff makes is simply that defendant did not produce evidence thereof.  Receipt on that date is now proven.

Given that receipt occurred on March 24, 2005, the 90-day limitations period expired on Wednesday, June 22, 2005.  This action was filed the next day, June 23, 2005--one day too late.

Plaintiff does not make any argument for equitable tolling whatsoever, nor does she dispute the applicability of the cases cited in defendant's motion to dismiss indicating that dismissal is appropriate for being one day late.  To those case citations, defendant adds the recent decision by Judge Kennedy in <u>Colbert v. Potter</u>, No. 04-996-HHK (D.D.C. July 28, 2005) (dismissing Title VII case filed two days too late), <u>appeal docketed</u>, No. 05-5330 (D.C. Cir. Aug. 31, 2005), attached hereto as Exhibit 2.

Notably, the <u>Colbert</u> decision also refutes plaintiff's second argument as well, which is that the 90-day limitations period should run from the date that plaintiff herself received the final agency decision, not the date her representative received it.  That is not the law.  The governing regulation is explicit, <u>see</u> 29 C.F.R. 1614.606(d), and the relevant case law is uniform, as demonstrated by both the recent decision <u>Colbert</u> (and cases cited therein) and older cases like

2

<u>Josiah Faeduwor v. Communications Satellite Corp.</u>, 785 F.3d 344, 349 (D.C. Cir. 1986).  The time starts to run from the date her representative received it, here March 24, 2005.

In sum, plaintiff does not dispute that March 24, 2005, is the date her representative received the final agency decision, and that date is now proven.  In the absence of any attempt by plaintiff to muster an argument for equitable tolling, this Court should enforce the 90-day limitations period, consistent with the instructions of the many cases cited in defendant's motion to dismiss.  <u>See, e.g.</u>, <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).

November 7, 2005                                Respectfully submitted,

                                                _____
                                                KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                United States Attorney


                                                _____
                                                R. CRAIG LAWRENCE, D.C. Bar # 171538
                                                Assistant United States Attorney


                                                _____
                                                ALAN BURCH, D.C. Bar # 470655
                                                Assistant United States Attorney
                                                555 4th St., N.W.
                                                Washington, D.C. 20530
                                                (202) 514-7204
                                                alan.burch@usdoj.gov