**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Angelie Jackson
   1701 Peachtree Lane
   Bowie, MD 20721

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Hiroshi Jackson
C. Date of Delivery: 4-12-05

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

Article Number: 7003 0500 0000 2402 5189

PS Form 3811, August 2001   Domestic Return Receipt   MAR 21 2005   102595-02-M-1540

03-2038
Jackson

---

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: A. Jackson
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7003 0500 0000 2402 5189

PS Form 3800, June 2002   See Reverse for Instructions

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark |
| Return Reciept Fee (Endorsement Required) | | Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: H.L. Taylor
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7003 2402 5172 0000 0500 E007

PS Form 3800, June 2002                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

H.L. Taylor, Esq.
17203 Usher Place
Upper Marlboro, MD  20772

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]       ☐ Agent  ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
                                     3/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

7003 0500 0000 2402 5172

PS Form 3811, August 2001       Domestic Return Receipt       MAR 21 2005

03-2038
102595-02-M-1540
Jackson

TD 03-2038

## DEPARTMENT OF THE TREASURY FINAL ORDER

### In the matter of

### Angelie D. Jackson v. John W. Snow, Secretary of the Treasury

## AUTHORITY

Under the authority vested in me by the rules and regulations of the Department of the Treasury and the U.S. Equal Employment Opportunity Commission, I am rendering a final order on the complaint of discrimination identified above.

## ADMINISTRATIVE JUDGE'S DECISION

On March 14, 2005, the Department received the Administrative Judge's decision on case number TD 03-2038 (EEOC No. 100-A2003-08306X). The Administrative Judge found that the Agency did not discriminate against the Complainant on the basis of race (Black) when she was not selected for a Supervisory Procurement Analyst position, GS-1102-15, under Vacancy Announcement Number 2002-199AB. The Administrative Judge also found that Complainant's allegations of a continuing violation involving these prior non selections are not actionable and Complainant was not subject to a continuing violation.

## CONCLUSION

The Department has reviewed the Administrative Judge's conclusions and decision, and determined that it will fully implement the Administrative Judge's finding of no discrimination.

This constitutes the final order of the Department of the Treasury on this complaint. A copy of the Administrative Judge's decision and your appeal rights are enclosed.

_\[signature\]_
Mariam G. Harvey
Director
Office of Equal Opportunity and Diversity

March 18, 2005
Date

# DEPARTMENT OF THE TREASURY

## OFFICE OF EQUAL OPPORTUNITY AND DIVERSITY

## CERTIFICATE OF SERVICE

On this date, I mailed a copy of the final order on the complaint filed by Angelie D. Jackson, TD 03-2038 to the persons listed below by the methods specified. Including a copy of the Administrative Judge's decision, the Notice of Appeal Rights, the EEOC Form 573, and this Certificate, there are 18 pages.

_____     March 21, 2005
Reginald Shelton, Office Assistant      Date
Department of the Treasury
Office of Equal Employment and Diversity
1750 Pennsylvania Avenue, N.W., Room 8157
Washington, DC 20220
Telephone: 202-622-1160

**Complainant**     Via First Class and Certified Mail
Angelie D. Jackson
1701 Peachtree Lane
Bowie, MD 20721

**Complainant's Representative**     Via First Class and Certified Mail
H.L. Taylor, Esq.
17203 Usher Place
Upper Marlboro, MD 20772

**Administrative Judge**     Via First Class Mail
Frances del Toro, Administrative Judge
EEOC, Washington Field Office
1801 L Street, NW, Suite 100
Washington, DC 20507

**Bureau Counsel**     Via E-mail
Mark Hingston, Office of General Counsel, DO
Kenneth R. Schmalzbach, Assistant General Counsel, DO

**Bureau EEO Officer**     Via E-mail
Gloria Booze, EEO Officer, DO

**Treasury Complaint Center    Via E-mail**
James C. Parker, Operations Director, Dallas Treasury Complaint Center
Victoria Bridge, Secretary to the Director, DTCC

# NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

## FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to the EEOC within **30 days** of the day you receive this final order. File your appeal by mail addressed to:

DIRECTOR, OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
P.O. BOX 19848
WASHINGTON, DC 20036

or by personal delivery or facsimile to (202) 663-7022. At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

DIRECTOR
OFFICE OF EQUAL OPPORTUNITY AND DIVERSITY
DEPARTMENT OF THE TREASURY
1750 PENNSYLVANIA AVE., N.W.
SUITE 8000, ROOM 8157
WASHINGTON, DC 20220

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Director, Office of Equal Opportunity and Diversity. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the Director, Office of Equal Opportunity and Diversity, within 30 days of the date you file your appeal.

# *NOTICE OF APPEAL RIGHTS*

## *FILING A CIVIL ACTION*

You also have the right to file a civil action in an appropriate United States District Court **within 90 days** after you receive this final order if you do not appeal to EEOC, or **within 90 days** after receipt of the EEOC's final decision on appeal.

You may also file a civil action after **180 days** from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above. The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1) You must name **JOHN W. SNOW, SECRETARY OF THE TREASURY**, as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2) If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC decision.

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name ( Last, First, Middle): [Please Print or Type]

2. Home/mailing address:

3. Name and address of attorney or other representative, **if any**:

4. Appellant's daytime telephone number (incl. area code):

5. Representative's telephone number (if applicable):

6. Has the appellant filed **a formal complaint** with his/her agency?
   ☐ No     ☐ Yes - indicate the **Agency's** complaint number:_____

7. Name of the agency being charge with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a **FINAL DECISION** been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?
   
   ☐ YES (Indicate the date the appellant RECEIVED it _____, and **ATTACH A COPY**.)
   
   ☐ NO
   
   ☐ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, **another** agency, or through any **other** administrative or collective bargaining procedure?
    
    ☐ NO     ☐ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?
    
    ☐ NO     ☐ YES ( ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative

13. Date:

**NOTICE:** Before mailing this appeal, be sure to **attach a copy of the the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT ON REVERSE SIDE.**

**FOR EEOC USE ONLY:**     **OFO DOCKET NUMBER:**

EEOC FORM 573 REV. 4-92

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, April 1992.

2. **AUTHORITY:** 42 U.S.C. §2000e-16.

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
P.O. Box 19848
Washington, D.C. 20036

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

DEPT. OF THE TREASURY
DO RECEIVED

2005 MAR 14  P 4: 36

OFFICE OF EQUAL
OPPORTUNITY AND DIVERSITY

| | |
|---|---|
| Angelie D. Jackson, | ) |
| Complainant, | ) EEOC No. 100-A2003-08306X |
| v. | ) Agency No. 03-2038 |
| John W. Snow, Secretary, | ) March 8, 2005 |
| U.S. Department of Treasury, | ) |
| Agency. | ) |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated March 8, 2005, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the hearing record for the agency and a copy of the transcript for complainant and/or his/her representative.

This office will hold the report of investigation and the complaint file for sixty days, during which time the agency may arrange for their retrieval. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

IT IS SO ORDERED.

For the Commission:

**Frances del Toro**
**Administrative Judge**

Enclosures

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing documents within five (5) calendar days after the date they were sent *via* first class mail. I certify that on March 8, 2005, the foregoing documents were sent *via* first class mail to the following:

Angelie D. Jackson
1701 Peachtree Lane
Bowie, MD 20721

H.L. Taylor, Esq.
17203 Usher Place
Upper Marlboro, MD 20772

Mark Hingston
Department of the Treasury
Office of General Counsel
1500 Pennsylvania Avenue, NW
Room 1410
Washington, DC 20220

Director
Office of Equal Opportunity Program
Department of the Treasury
Treasury Annex Building
1500 Pennsylvania Avenue, NW
Metropolitan Square, Room 6000-12
Washington, DC 20220

_____
Frances del Toro
Administrative Judge

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

|  |  |  |
|---|---|---|
| Angelie D. Jackson, | ) | |
| Complainant, | ) | EEOC No. 100-A2003-08306X |
| v. | ) | Agency No. 03-2038 |
| John W. Snow, Secretary, U.S. Department of Treasury, | ) | March 8, 2005 |
| Agency. | ) | |

## DECISION

This Decision is being issued without a hearing, pursuant to 29 C.F.R. § 1614.109(g)(3) (2002). On June 22, 2004, the Agency filed a Motion for Summary Judgment. The Complainant filed an Opposition to the Agency's Motion for Summary Judgment on July 28, 2004. Thereafter, on August 2, 2004, the Agency filed a reply to Complainant's Opposition to the Agency's Motion for Summary Judgment. The remaining procedural history is contained in the case file and the Investigative Report ("IR") and will not be reiterated. The record before me consists of the IR and the parties' submissions.

## CLAIMS

Whether Complainant was subjected to discrimination on the basis of race (Black), when she was not selected for a Supervisory Procurement Analyst position, GS-1102-15, under

Vacancy Announcement No. 2002-199AB.[1]

## FINDINGS AND ANALYSIS

### A. THE GOVERNING LAW FOR SUMMARY JUDGMENT

The EEOC's regulations on summary judgment are patterned after Rule 56 of the Federal Rules of Civil Procedure, which provides that a moving party is entitled to summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### B. UNDISPUTED FACTS

1. Complainant began working with the Department of the Treasury, Office of Procurement, in May 1990, as a Procurement Analyst.

2. At the time relevant to this complaint, Complainant was employed by the Agency as a

---

[1] Complainant avers being subjected to discrimination on a continuing basis when she was not selected on three previous occasions for GS-15 positions. More specifically, she claims that her nonselections constitute a "continuing violation." The Agency accepted for investigation only the present nonselection claim. After considering Complainant's allegations, I find that Complainant is incorrect in asserting that she was subjected to a "continuing violation." The Complainant stated that she chose not to file an EEO complaint for the nonselections because she "was reasonably certain that there would be opportunities for advancement/promotion." IR at 29. The Supreme Court in *National R.R. Passenger Corp. v. Morgan*, 122 S.Ct. 2061, 153 L.Ed.2d 106 (June 10, 2002), held that discrete discriminatory acts (such as hiring, firing, promotions and transfers) that fall outside of the limitations period are not actionable, even if they are related to acts that occurred within the time period. In this case, Complainant knew of her right to file a claim of discrimination, but chose not to do so within the limitations period. Moreover, the nonselections constitute discrete discriminatory acts. Therefore, her "continuing violation" allegations are not actionable.

2

GS-1102-14, Procurement Analyst.

3. The Complainant and selectee were among the seven candidates eligible for selection by the Treasury Office of Personnel Resources. One of the seven candidates was eligible for reassignment to the position.

4. The selecting official, Corey M. Rindner (White), Senior Procurement Executive, reviewed all the applications.

5. Rindner consulted with three other GS-15 employees in the office before making his selection on August 2, 2002.

6. No interviews were conducted by the selecting official or the three GS-15 employees consulted, because they were familiar with the applicants' work.

7. Complainant was informed of her nonselection on August 9, 2002, via e-mail message to the Office of Procurement staff.

### C. CONCLUSIONS OF LAW

To establish a *prima facie* case of disparate treatment in a nonselection case, a Complainant may show: (1) that he/she is a member of a group protected from discrimination; (2) that he/she applied for and was qualified for the position at issue; and (3) that he/she was rejected under circumstances which give rise to an inference of unlawful discrimination, *e.g.*, the Agency continued to seek applicants or filled the positions with persons who were not members of Complainant's protected group. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), n.13.

If a *prima facie* case is established, the burden shifts to the Agency to articulate a legitimate, non-discriminatory reason for the challenged action. *Texas Dep't of Cmty. Affairs v.*

3

*Burdine*, 450 U.S. 248, 253-54 (1981); *McDonnell Douglas*, 411 U.S. at 802. Complainant may then show that the explanation offered by the Agency was not the true reason, but a pretext for discrimination. *Burdine*, 450 U.S. at 256; *McDonnell Douglas*, 411 U.S. at 804. The ultimate burden of persuading the trier of fact that the Agency discriminated against the Complainant always remains with the Complainant. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993); *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

Although the initial inquiry in a discrimination case usually focuses on whether the complainant has established a *prima facie* case, following this order of analysis is unnecessary when the Agency has articulated legitimate, nondiscriminatory reasons for its actions. *See Washington v. Dep't of the Navy*, EEOC Petition No. 03900056 (May 31, 1990). In such cases, the inquiry shifts from whether the complainant has established a *prima facie* case to whether he/she has demonstrated by a preponderance of the evidence that the Agency's reasons for its actions were merely a pretext for discrimination. *See id.*; *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714-17 (1983). In this case, I find that the Agency has articulated legitimate, nondiscriminatory reasons for its actions.

Corey Rindner (Caucasian), Director, Office of the Procurement Executive (OPE) and selecting official, stated that after discussing the candidates' qualifications with three GS-15 employees in the office, they decided that Jan L. Visintainer was the best qualified applicant. *See* IR, Ex. 5. Rindner stated that the selectee had demonstrated superior communications skills, in comparison to Complainant who has only demonstrated satisfactory communication skills. *See* IR at 41. Rindner further added that Complainant has only limited government experience (same functions in the same location for the last 12 years) and that the selectee had a more diverse work

experience, particularly in the private industry and government areas. *See id.* Rindner stated that, unlike Complainant, the selectee had prior supervisory experience, such as leading a staff of 45 in a complex organizational setting, serving as Deputy Assistant Director of Procurement at the U.S. Mint, and as Chief of the Numismatics Procurement Branch of the Mint. *See Id.* Finally, Rindner stated that Complainant did not show that her initiative and creativity were greater than that of the selectee. *See Id.*

Ronne A. Rogin (Caucasian), Deputy Director, OPE, stated that he was on of the GS-15 employees that Rindner consulted about the selection. *See* IR, Ex. 6. Rogin stated that Complainant was not selected because she did not have the requisite education, 24 hours in business, as verified by the head of the Treasury Acquisition Institute to be promoted to a GS-15. *See id.* Rogin also indicated that selectee was better qualified than Complainant for the position, because she had the required education, the interpersonal skills necessary for the position, and recent supervisory experience. *See id.* Rogin attested that race was not a factor in the selection. *See id.*

Nancy Ann Nifong-Kerlin (White), Procurement Analyst, one of the GS-15 employees who made recommendations to the selecting official, stated that although she ranked Complainant equally on education and training, the selectee had a better record of awards and recognition. *See* IR, Ex. 8. For example, Nifong-Kerlin stated that the selectee had been nominated for several recent awards for her performance and other work-related actions, yet, Complainant had only "received one on-the-spot award for her participation." *Id.* Finally, Nifong-Kerlin stated that in comparison to the selectee who was ranked number one by the panel members, Complainant was ranked by the panel "in the middle of the six candidates." *Id.*

5

Subsequently, Complainant was unable to establish that the Agency's rationale was pretextual. Complainant did not refute the Agency's articulation, but simply claims that the Agency did not select her because of her race without offering any evidence other than her uncorroborated conclusory assertions. *Green v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (conclusory statements are insufficient to defeat summary judgment, which is to weed out insufficiently meritorious claims). For example, Complainant avers that the reviewing official did not review all the applications personally. However, Complainant's statement is contradicted by the declaration of the selecting official. *See* IR at 35.

Complainant also claims that her qualifications are equal or superior to those of the selectee. In a nonselection case, pretext may be demonstrated where the complainant's qualifications are shown to be plainly superior to those of the selectee(s). *Bauer v. Bailar*, 647 F.2d 1037, 1048 (10th Cir. 1981). To do so, Complainant would have to show that her education and work experience were so plainly superior to the selected candidate "as to virtually jump off the page and slap us in the face." *Odom v. Frank*, 3 F.3d 839 (5th Cir. 1993). *See Dobson v. Dep't of Interior*, EEOC No. 01933095 (June 30, 1994). However, Complainant has not shown that her qualifications are plainly superior to those of the selectee. In fact, the record shows that the selectee received higher ratings for her work appraisals. *See* IR at 61-78. Assuming *arguendo* that Complainant's qualifications are equal to those of the candidate, she still fails to show pretext because an employer has the discretion to choose among equally qualified candidates, so long as the decision is not premised on an unlawful factor. *Gleason v. Dep't of the Treasury*, EEOC No. 01900965 (April 26, 1990).

## **DECISION**

For the reasons set forth above, I find that Summary Judgment is appropriate and that Complainant failed to produce evidence that could prove that the Agency discriminated against her.

_____
**Frances del Toro**
**Administrative Judge**

## NOTICE TO THE PARTIES

### *TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### *TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

### *WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:

8

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.