UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELIE D. JACKSON,<br><br>    Plaintiff,<br><br>        v.<br><br>JOHN W. SNOW, Secretary, U.S.<br>Department of the Treasury,<br><br>    Defendants. | Civil Action No. 05-1266 (CKK) |

**MEMORANDUM OPINION**
(January 27, 2006)

Plaintiff, Angelie D. Jackson, a former employee of the United States Treasury Department Office of the Procurement Executive, brings suit against Defendant John W. Snow in his official capacity as Secretary of the Treasury pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended ('Title VII"), alleging that she was subjected to employment discrimination based on her race. *See* Compl. ¶ 14. Currently before the Court is Defendant's Motion to Dismiss, which contends that (1) Plaintiff failed to file her claim within the 90-day period for doing so; and (2) in regards to all claims but the July 2002 alleged discrimination, Plaintiff failed to exhaust administrative remedies because she did not seek EEO counseling for these claims. Def.'s Mot. to Dismiss at 10.

Upon a searching examination of Defendant's Motion to Dismiss, Plaintiff's Opposition, Defendant's Reply, the relevant case law, the attached exhibits, and the entire record herein, the Court shall grant Defendant's Motion to Dismiss.

## I: BACKGROUND

Ms. Jackson is an African-American woman who was formerly employed as a GS-1102-14 Procurement Analyst with the Office of the Procurement Executive for the U.S. Department of the Treasury. Compl. ¶ 3. She began her employment with the Treasury Department in May 1990. *Id.* ¶ 5. In June 1999, Ms. Jackson applied for a GS-1102-15 Supervisory Procurement Analyst position within the Office of Procurement. *Id.* ¶ 6. Though she was placed on a list of eligible candidates by the Human Resources Department, Corey Rinder, the selecting official, did not select Ms. Jackson for an interview. *Id.* In July 2000, Ms. Jackson applied for another GS-1102-15 Supervisory Procurement Analyst position and again was not selected for an interview by Mr. Rinder though she was rated as qualified by the Human Resources Department. *Id.* ¶ 7. A third time, in July 2002, Ms. Jackson applied for a Supervisory Procurement Analyst position and was not selected. *Id.* ¶ 8. In all three situations, Mr. Rinder ultimately selected a Caucasian female for the position. *Id.* ¶ 10.

After Ms. Jackson learned of her non-selection for the 2002 position, she contacted an EEO counselor. Def.'s Mot. to Dismiss at 1-2. The matter was heard before an administrative judge at the EEOC who granted the agency's motion for summary judgment. Def.'s Mot. to Dismiss at 2. The Department of the Treasury issued a Final Order on March 19, 2005 stating that the agency intended to implement the administrative decision and sent copies of the Order along with Notice of Appeal Rights to Ms. Jackson and H.L. Taylor, who was listed as Plaintiff's representative, by certified first-class mail. Def.'s Reply, Ex. 1 (Department of Treasury Final Order dated March 18, 2005 and Notice of Appeal Rights) at 3. The Notice of Appeal Rights instructs Plaintiff that she may file a civil action within 90 days of receiving the final order and that if she is represented by an

attorney, the time period begins when the attorney receives notice. Def.'s Reply, Ex. 1 (Treasury Department Notice of Appeal Rights) at 6.

Signed certified mail receipts indicate that Ms. Jackson's attorney, Mr. Taylor, received a copy of the Final Order on March 24, 2005 and Ms. Jackson received a copy on April 20, 2005. Def.'s Reply, Ex. 1 (Certified Mail Receipts) at 1-2. Ms. Jackson did not file her complaint with this Court until June 23, 3005 - 91 days after her attorney received notice. Def.'s Mot. to Dismiss at 2.[1] Plaintiff never sought nor intended to seek EEO counseling for the 1999 and 2000 non-selections. Def.'s Mot. to Dismiss, Ex.1 (Plaintiff's EEO affidavit dated Feb. 26, 2003) at 2.

## II: LEGAL STANDARDS

Defendant has filed a motion to dismiss. Because materials outside the pleadings were presented and not excluded by the court, the court will treat the motion as one for summary judgment. *See Zuurbier v. MedStar Health, Inc*. 306 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing Fed. R. Civ. P. 12(b)). A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, Defendant, as the moving party, bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions

---

[1] The Court notes for the record that Plaintiff does appear to have changed attorneys upon completion of the administrative EEO process, shifting from H.L. Taylor, Esq., who represented her during the administrative process, to David A. Branch, Esq., who filed her Complaint with this Court and her Opposition to Defendant's Motion to Dismiss. However, Plaintiff apparently gave Defendant no notice of this substitution prior to the filing of her Complaint with this Court on June 23, 2005, and Plaintiff makes no argument otherwise. *See* Pl.'s Opp'n.

on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff, in response to Defendants' motion, must "go beyond the pleadings and by [his] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal citations omitted).

      Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251, 106 S.Ct. 2505 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50, 106 S.Ct. 2505 (internal citations omitted). "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material

fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Id.* at 587, 106 S.Ct. 1348 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

### III: DISCUSSION

Upon a review of the record, it is plain that Defendant's Motion for Summary Judgment must be granted for several reasons. First, Plaintiff's Complaint was untimely because she filed it with this Court one day after the expiration of the 90-day statutory period which began with receipt of notice of final agency action by her representative. Second, even assuming that Plaintiff's Complaint was timely, Plaintiff is barred from bringing an action with respect to the 1999 and 2000 non-selections because she did not exhaust her administrative remedies for those incidents and has conceded the issue.

*A.     Plaintiff's Complaint was Untimely*

Section 2000e-16(c) provides that Title VII complaints may only be filed within 90 days of receipt of notice of final action administrative action. 42 U.S.C. § 2000e-26(c). It is well settled that notice of final action is "received" when the agency delivers its notice to a claimant or a claimant's attorney - whichever comes first. The Supreme Court in *Irwin v. Department of Veterans Affairs* stated that notice to an attorney constitutes notice to the client because "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." 498 U.S. 89, 92, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) (internal quotations omitted); *accord Rao v. Baker*, 898 F.2d 191, 196-97 (D.C. Cir. 1990) (charging plaintiff with notice of agency decision from the time his attorney received the decision). The EEOC has also made clear in their

regulations that the time frame for receipt of materials is computed from the time of receipt by the party's designated attorney. 29 C.F.R. § 1614.605(d) (Representation and Official Time). Additionally, Plaintiff was informed by the Treasury Department that the time period for her to file an appeal began to run when her attorney received notice of final action. Def.'s Reply, Ex. 1 (Notice of Appeal Rights) at 6.

Once a party designates an attorney as a representative, that attorney is presumed to be their representative absent notification otherwise. The EEOC regulation states that once the agency has received contact information for a complainant's representative, all official correspondence shall go to that named person unless the complainant notifies the agency otherwise in writing. 29 C.F.R. § 1614.605(d) (Representation and Official Time). In *Rao*, the D.C. Circuit Court determined that without evidence that the complainant took affirmative steps to sever the preexisting attorney-client relationship or notify the agency that the attorney was no longer his representative, the relationship was considered ongoing. *See* 898 F.2d at 196.

H.L. Taylor is listed as Ms. Jackson's representative on the Department of the Treasury's Certificate of Service, Def.'s Reply, Ex. 1 (Department of the Treasury Final Order) at 4, and Ms. Jackson acknowledges that he was her representative at the administrative stage. Pl.'s Opp'n. at 2. She does not contend that her attorney-client relationship with Mr. Taylor was terminated prior to his receipt of notice of the agency's final order or that she gave proper notification of any such severance to the agency. *See* Pl.'s Opp'n.[2] Therefore, notice to Mr. Taylor was imputed to Ms. Jackson, and her 90-day period for filing a complaint started on March 24, 2005, the day Mr. Taylor received notice of final agency action.

---

[2] *See supra* n.1.

Plaintiff argues that she was entitled to actual notice rather than notice through her representative and, because she received actual notice less than 90 days before filing her claim, her Complaint should not be barred by the statute of limitations.[3]  Pl.'s Opp'n at 2.  Plaintiff cites only *Bell v. Brown*, 557 F.2d 849 (D.C. Cir. 1977) to support her argument.  Pl.'s Opp'n at 2.  While *Bell* had established a rule that federal employees are entitled to actual notice rather than mere constructive notice through their representative, *Bell* is no longer controlling to the extent that it conflicts with *Irwin*: because *Irwin* determined that the time period may commence when a complainant's representative receives notice, even if the complainant has not, *Bell* may not be applied to support Ms. Jackson's argument.  *Compare Bell,* 557 F.2d at 857 *with Irwin*, 498 U.S. at 92, 111 S. Ct. 453 (discussing representative notice); *see also Janczewski v. Sec'y, Smithsonian Inst.*, 767 F.Supp. 1, 5 (D.D.C. 1991) (noting that *Irwin* effectively overruled the notice to claimant requirement established by *Bell*).  Even before *Irwin* was decided, the broad rule announced in *Bell* had been limited.  For instance, in *Rao*, the Court refused to apply the actual notice rule from *Bell* to a case where, *inter alia*, (1) the regulatory scheme had been substantially changed since *Bell* was decided and (2) the plaintiff had not terminated his relationship with his attorney.  *See* 898 F.2d at 194.  Similarly in the case before this Court, the statutory time period has been extended from 30 days to 90 days since *Bell* was decided (a substantial change in the regulatory scheme when timing is the material issue) and Ms. Jackson had not terminated her attorney-client relationship with Mr. Taylor or informed the Treasury Department of any new attorney's information.  Therefore, Ms.

---

[3] Plaintiff also opposes Defendant's Motion to Dismiss on the grounds that Defendant did not provide proof that her filing was untimely but instead merely asserted the date on which final notice was received by H.L. Taylor.  Pl.'s Opp'n at 2.  Defendant responded to that argument by providing a copy of the certified mail receipt signed by Mr. Taylor and dated March 23, 2005.  Def.'s Reply, Ex. 1 (Certified Mail Receipt) at 2.

Jackson's use of *Bell* to support her argument is unconvincing and the Court determines that she was not entitled to actual notice.

The 90-day requirement in not a jurisdictional bar but rather a statute of limitations issue and therefore subject to equitable tolling. *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1998); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The court may only toll the statute of limitations in "extraordinary and carefully circumscribed instances." *Mondy*, 845 F.2d at 1057. Absent a showing of such circumstances the 90-day limit for filing a complaint may not be extended by even one day. *Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 97 (D.D.C. 1995); *see also, e.g. Smith v. Dalton*, 971 F.Supp. 1 (D.D.C. 1997) (dismissing suit filed 91 days after plaintiff received final agency decision). Plaintiff has the burden of demonstrating facts to support equitable tolling of the time period for filing suit. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); s*ee also Tyler v. Henderson*, Civ. No. 00-0060 (RWR), 2001 WL 194930 (D.D.C.) (noting that service on plaintiff's counsel constitutes notice and failure to file in a timely manner due to attorney neglect is not grounds for equitable tolling). Plaintiff did not offer any argument that supports the notion of equitable tolling and the Court does not find one. Accordingly, because the 90-day period commenced on March 24, 2005, when Plaintiff's representative H.L. Taylor received notice of the agency's final order, Plaintiff's Complaint – filed 91 days later – is untimely and must be dismissed.

B. *Plaintiff Failed to Exhaust Administrative Remedies for the 1999 and 2000 Claims*

Even if Ms. Jackson's Complaint was filed in a timely manner, her claims prior to the 2002 instance would be barred for failure to exhaust administrative remedies.[4] If a party does not file a memorandum in opposition to an opposing party's motion, the court may treat the motion as conceded. LCvR 7(b). More specifically, "if the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded." *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002); *accord Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002). In this case, Defendant's Motion to Dismiss asserted – in addition to its timeliness argument – that any claims Plaintiff may have possessed outside of her 2002 non-selection must be dismissed for failure to exhaust administrative remedies because Ms. Jackson did not seek EEO counseling for them. Def.'s Mot. to Dismiss at 8. Plaintiff filed an opposition to Defendant's Motion to Dismiss in which she addressed Defendant's timeliness claim but failed to address the failure to exhaust administrative remedies. *See* Pl.'s Opp. Because Ms. Jackson failed to respond to Defendant's Motion to Dismiss the 1999 and 2000 claims of discrimination, the argument is deemed conceded. As such, even assuming *arguendo* that Plaintiff's Complaint was timely filed, Plaintiff could

---

[4] It is unclear whether Plaintiff intended to bring a claim in regards to these instances of non-selection.

maintain no claim beyond her 2002 non-selection.

## IV: CONCLUSION

For the reasons set forth above, the court shall grant the Defendant's Motion to Dismiss in full. An Order accompanies this Memorandum Opinion.

Date:   January 27, 2006

>                    _/s/_
>                    COLLEEN KOLLAR-KOTELLY
>                    United States District Judge